STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                    DOCKET NO. RE-06-185
                                             GAC - YOR-3/30...

GREGORY A. FISHER,

        Plaintiff

        v.                              **JUDGMENT**

DEBRA L. JOHNSON,

        Defendant

This case involves claims by each party requesting an equitable partition of real

estate.

In early 2002 Ms. Johnson moved into the property at 14 Madison Street, Sanford,

Maine. The property was then owned by Ms. Johnson's brother, Mr. Morgan, who

bought the property to assist Ms. Johnson. Ms. Johnson paid the mortgage and other

carrying costs for the property in lieu of rent.

During the summer of 2003, the parties commenced a romantic relationship. In

September 2003 Mr. Fisher moved into the Madison Street residence with Ms. Johnson.

As the relationship developed, the parties were contemplating marriage.

In December 2003 the parties purchased the Madison Street property from Mr.

Morgan and took title in joint tenancy. The purchase price was $101,536.00, which

represented Mr. Morgan's outstanding mortgage balance. The fair market value of the

property at the time of purchase was approximately $115,000.00. The parties lived

together in the residence until November 2006, when they separated and Mr. Fisher

moved out.

While living together the parties had an agreement, which called for Mr. Fisher to pay the mortgage, Ms. Johnson to pay the utilities, and they would split the real estate taxes. They generally followed this agreement, although Mr. Fisher paid a disproportionate share of taxes. Mr. Fisher paid for certain improvements to the front and side steps totaling $600.00. Following separation, Mr. Fisher continued to make mortgage payments through February 2007. Also, following separation, Ms. Johnson's sister moved to the residence for several months and presumably contributed toward costs. Mr. Fisher continues to store items of personal property at the residence in a locked room. He expressed an interest in retrieving his property.

Don Pelletier, a real estate broker presented as an expert by Ms. Johnson, testified the property is presently valued at approximately $160,000.00 and has a rental value of approximately $900.00 per month.

Both parties seek partition, but disagree over what would be equitable. Mr. Fisher wants the property sold and the proceeds divided evenly, after recouping his claim for the costs of improvements and his disproportionate share of expenses. Ms. Johnson seeks a credit of approximately $16,000.00, arguing that the purchase price reflected a discount from fair market value because her brother essentially purchased the property for her use and did not seek a market value price when these parties purchased it from him.

I find that the value of the property should be evenly divided between the parties. Any disproportionate share of expenses or the costs of improvements made by Mr. Fisher will be either recaptured through the increased market value of the property resulting from the improvements or offset by the fact that his monthly contribution to expenses was less than the fair market rent for a comparable residence. Ms. Johnson is not entitled to a "separate property component" credit because Maine law does not

permit consideration of contributions made to the value of property by one party before conveyance into joint tenancy when equitably partitioning jointly owned real estate. *Ackerman v. Hojnowksi,* 2002 ME 147, 804 A.2d 412.

Ms. Johnson currently lives in the residence and has expressed a desire to remain. She may either pay Mr. Fisher one-half of the difference between $160,000.00 (Ms. Johnson's expert's opinion of current market value) and the outstanding mortgage balance, or place the house for sale with Mr. Pelletier, or another qualified broker agreed upon by the parties, to be sold in a commercially reasonable fashion. Ms. Johnson will have a right of first refusal. Upon receipt of a *bona fide* purchase offer, Ms. Johnson will have 10 days to elect whether to purchase the property for the price offered and sixty days thereafter to close the purchase. If Ms. Johnson elects not to purchase, the sale proceeds after deduction of closing costs and costs of sale will be divided equally. Pending sale Mr. Johnson may reside in the residence and be responsible for expenses, including mortgage and tax payments. Mr. Fisher must remove his personal property at a convenient time, but within thirty days. Both parties are required to execute all documents necessary to satisfy this order and to cooperate in the sale of the property, if necessary.

The entry will be as follows:

Upon the complaint and counterclaim, each requesting equitable partition, the property will be equally divided according to the terms of this judgment.
At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a).

Dated: March 30, 2007

Thomas G. Van Houten, Esq. - Plaintiff
Timothy C. Dietz, Esq. - Defendant

G. Arthur Brennan
Justice, Superior Court

3